UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
FRANCISCO ALEJANDRO MELO,

                Plaintiff,

        - against -

MILAGRO GROCERY CORP. d/b/a
MILAGRO GROCERY, MARCIAL
GONZALEZ, and DANIEL RICHARDSON,

                Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
21-CV-4438 (PKC) (SJB)

PAMELA K. CHEN, United States District Judge:

       Plaintiff Francisco Alejandro Melo ("Plaintiff" or "Melo") brought the instant action against Defendants Milagro Grocery Corp. d/b/a Milagro Grocery ("Milagro"), Marcial Gonzalez ("Gonzalez"), and Daniel Richardson ("Richardson"), (collectively, "Defendants") alleging violations of the Fair Labor Standards Act and the New York Labor Law. Pending before this Court are Defendant Gonzalez's objections to the Report and Recommendation ("R. & R.") of the Honorable Sanket J. Bulsara, United States Magistrate Judge, dated August 19, 2024, which recommends that this Court grant Plaintiff's motion for default judgment against Defendants and award Plaintiff a total of $334,883.90 plus pre- and post-judgment interest. For the reasons stated below, this Court overrules Defendant Gonzalez's objections and adopts the recommendations of Judge Bulsara's thorough and well-reasoned R. & R. in full. In addition, Defendants are ordered to inform the Court by October 10, 2024, whether they intend to prosecute their counterclaims. If Defendants do not do so, their counterclaims will be dismissed.

**BACKGROUND**

The facts are more fully set forth in Judge Bulsara's R. & R. (R. & R., Dkt. 42 at 1–4.) As relevant here,[1] Defendants Gonzalez and Richardson are owners of Milagro, a grocery store in Brooklyn, New York. (Compl., Dkt. 1 ¶¶ 6–7, 17.) As Judge Bulsara explained:

> Melo worked [at Milagro] six days per week, from 2:00 P.M. to 12:00 A.M. (*Id.* ¶ 23). He typically worked every day except Tuesdays, but about twice a month, he worked from 2:00 P.M. to 12:00 A.M. on Tuesday as well. (*Id.* ¶¶ 23–24). He typically worked 60 hours per week, but worked 70 hours in the weeks where he also worked on Tuesday. (*Id.* ¶ 25). He was paid in cash each week and was not given paystubs. (*Id.* ¶ 26). From 2012 to 2019, Melo was typically paid $450 each week, and from 2020 to 2021, he was paid $500 per week. (*Id.* ¶ 27). When he worked the Tuesday shift, he was given an extra $75 per week. (*Id.* ¶ 28). Melo was not paid overtime wages. (*Id.* ¶ 32).

(R. & R., Dkt. 42 at 2.)

Plaintiff commenced this action on August 6, 2021, and served Milagro through the Secretary of State on August 31, 2024. (Returned Summons, Dkt. 10.) Thereafter, attorneys Qinyu Fan and Jian Hang filed notices of appearance on behalf of all Defendants. (Not. of Appearance by Qinyu Fan, Dkt. 12; Not. of Appearance by Jian Hang, Dkt. 13.) Defendants answered the Complaint and brought counterclaims against Plaintiff in November 2021. (Answer, Dkt. 17; Am. Answer, Dkt. 18.) The parties engaged in discovery and then were directed to file a joint pre-trial order by April 7, 2023. (11/11/2022 Dkt. Order; 1/24/2023 Min. Entry & Order.) On March 27, 2023, Defendants' attorneys filed a motion to withdraw because of nonpayment by Defendants. (*See* Mot. to Withdraw, Dkt. 30; Yongjin Bae Aff., Dkt. 30-1 ¶¶ 8–10.) Judge Bulsara granted the motion to withdraw as to Defendants Gonzalez and Richardson, and ordered Gonzalez and

---

[1] For the purposes of Plaintiff's default motion, the Court "accept[s] as true all well-pleaded allegations in the complaint, except those pertaining to the amount of damages." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (first citing Fed. R. Civ. P. 8(b)(6); then citing *Finkel v. Romanowicz*, 577 F.3d 79, 83 n.6 (2d Cir. 2009)).

Richardson to inform the Court in writing by June 8, 2023, whether they intended to continue defending this action, and if so, whether they would do so with counsel or *pro se*. (4/25/2023 Min. Entry & Order.) Judge Bulsara also explained that, as a corporation, Milagro "is not permitted to proceed without counsel in federal court," (*id.* (citing *Grace v. Bank Leumi Tr. Co. of N.Y.*, 443 F.3d 180, 192 (2d Cir. 2006))), and that, as a result, if Milagro did not obtain counsel, it would be "expose[d] . . . to a default," (*id.*). None of the Defendants responded by the June 8, 2023 deadline, and Judge Bulsara granted the outstanding motion to withdraw with respect to Milagro. (6/16/2023 Dkt. Order.) Thereafter, Plaintiff requested a certificate of default against Defendants, (Dkt. 35), which issued on June 26, 2023, (Dkt. 37). On October 16, 2023, Plaintiff moved for default judgment. (Dkts. 38, 39.) On December 1, 2023, Defendant Gonzalez filed a letter motion seeking to have counsel appointed for him. (Dkt. 41.) On December 6, 2023, that motion was denied, and none of the Defendants filed any further response to the motion for default judgment. (12/6/2023 Dkt. Order.)

On August 20, 2024, Judge Bulsara issued the R. & R., in which he recommended that default judgment be entered against Defendants and that Plaintiff be awarded damages, attorneys' fees and costs, and interest. (R. & R., Dkt. 42 at 24–25.) Plaintiff served the R. & R. on Defendants. (Certificate of Service, Dkt. 43.) On September 3, 2024, Defendant Gonzalez, *pro se*, filed a letter on the docket in which he objected to the R. & R. and requested a stay of the case so that he could obtain legal representation. (Dkt. 45.) The Court responded by indicating that it would construe Defendant Gonzalez's letter as his objection, and ordered Plaintiff to respond. (9/4/2024 Dkt. Order.) Plaintiff did so on September 18, 2024. (Dkt. 46.)

## LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If any party timely files

3

written objections to a magistrate judge's findings or recommendations on a dispositive issue, the district court must review *de novo* the aspects to which objections have been made. *See id.*; Fed. R. Civ. P. 72(b). Objections, however, "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *N.Y.C. Dist. Council of Carpenters v. Allied Design & Constr., LLC*, 335 F. Supp. 3d 349, 351 (E.D.N.Y. 2018) (citing *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009)). "[G]eneral objections, or 'objections that are merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original papers will not suffice to invoke *de novo* review.'" *Condoleo v. Guangzhou Jindo Container Co.*, 427 F. Supp. 3d 316, 319 (E.D.N.Y. 2019) (quoting *Owusu v. N.Y. State Ins.*, 655 F. Supp. 2d 308, 312–13 (S.D.N.Y. 2009)); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under . . . Fed. R. Civ. P. 72(b)[.]").

"[W]hen a party makes only conclusory or general objections [to an R. & R.,] the Court will review the [R. & R.] strictly for clear error." *Condoleo*, 427 F. Supp. 3d at 319 (quoting *Trivedi v. N.Y. State Unified Ct. Sys. Off. of Ct. Admin.*, 818 F. Supp. 2d 712, 726 (S.D.N.Y. 2011)). Similarly, the portions of a magistrate judge's findings and recommendations to which no party timely objects need be reviewed, at most, for clear error. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) ("To accept the report and recommendation of a magistrate, to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." (quoting *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003))). Regardless

4

of whether it engages in *de novo* review or reviews simply for clear error, "[t]he district court need not, . . . specifically articulate its reasons for rejecting a party's objections or for adopting a magistrate judge's report and recommendation in its entirety," particularly when it is "clear" that "the challenges are meritless." *Morris v. Loc. 804, Int'l Bhd. of Teamsters*, 167 F. App'x 230, 232 (2d Cir. 2006) (summary order).

Although "the submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (cleaned up), "[e]ven a *pro se* party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings . . . such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument," *Clarke v. United States*, 367 F. Supp. 3d 72, 75 (S.D.N.Y. 2019) (quoting *Pinkney v. Progressive Home Health Servs.*, No. 06-CV-5023 (LTS) (JCF), 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

## DISCUSSION

In his letter, Defendant Gonzalez states that "the calculation on the wages is incorrect . . . as previously stated in the Answer," that Milagro cannot afford to pay its legal costs, that Gonzalez "is presently attempting to get a legal aid defense to continue defending him in this case," that Defendants' "previous attorneys did a poor job," that Melo "was stealing money from [Defendants]," and that "Melo was not underpaid for his employment." (Objection Ltr., Dkt. 45 at 1–2.) Most of these are so unrelated to the substance of the R. & R. that the Court need not address them: for example, Defendant Gonzalez's statements that he is attempting to get a lawyer, that his previous attorneys did a "poor job," and that Milagro cannot afford to pay its legal costs, do not contest the substance of the R. & R., and thus, the "[C]ourt need not, . . . specifically articulate its reasons for rejecting [them]." *Morris*, 167 F. App'x at 232.

5

Gonzalez's statement that the wage calculation in the R. & R. is "incorrect . . . as previously stated in the Answer" is more relevant; however, it is difficult to understand this argument because the Answer pre-dates the R. & R. (*Compare* R. & R., Dkt. 42, *with* Compl., Dkt. 1.) Moreover, even liberally construing the Answer, it is hard to see how its assertions could be responsive to a wage calculation. (*See generally* Am. Answer, Dkt. 18 (generally asserting a variety of defenses, including that this Court does not have jurisdiction, that Plaintiff was negligent, that the Complaint was fraudulently filed, among other defenses, and asserting counterclaims).) To the extent that Defendants asserted potentially meritorious defenses in their Answer to Plaintiff's complaint, as Judge Bulsara has correctly explained, those previous assertions do not preclude entry of default judgment, where, as here, other factors favor default. (R. & R., Dkt. 42 at 6 (citing *Integrity Commc'ns Corp. v. Baker*, No. 10-CV-3238 (DAB) (RLE), 2012 WL 1309153, at *2 (S.D.N.Y. Mar. 26, 2012), *R. & R. adopted*, 2012 WL 1309136, at *1 (S.D.N.Y. Apr. 16, 2012)).) Finally, Defendant Gonzalez's assertion that "Melo was not underpaid for his employment at any time," (Objection Ltr., Dkt. 45 at 2), is a "conclusory or general objection," at best, *see Condoleo*, 427 F. Supp. 3d at 319. Because Defendant Gonzalez's objections are not "specific and clearly aimed at particular findings," the Court only reviews the R. & R. for clear error. *Clarke*, 367 F. Supp. 3d at 75.

While the Court is sympathetic to Defendant Gonzalez's predicament of not being able to afford counsel for his defense, that circumstance, accepting it as true, does not excuse Defendants' failure to defend this action. As Judge Bulsara explained to Defendants in April 2023, Defendants Gonzalez and Richardson could have defended themselves *pro se* in this action, or they could have sought alternate legal counsel after their initial counsel withdrew. (*See* 4/25/2023 Min. Entry & Order.) They did not do so, and even Defendant Gonzalez, who now appears, did not do so until

6

Judge Bulsara issued his R. & R., nearly a year and a half after Judge Bulsara first instructed Defendants Gonzalez and Richardson to indicate whether they wished to appear *pro se* or retain other counsel. (*See id.*; Objection Ltr., Dkt. 45.) Defendant Gonzalez will not "be allowed a 'second bite at the apple'" by objecting to the R. & R. now, after failing to respond to Plaintiff's initial motion for default judgment. *Clarke*, 367 F. Supp. 3d at 75 (quoting *Pinkney*, 2008 WL 2811815, at *1).

As explained above, the Court reviews the R. & R. strictly for clear error. *Id.* The Court has reviewed Judge Bulsara's thorough and well-reasoned R. & R. and finds no clear error. Accordingly, this Court adopts Judge Bulsara's R. & R. in its entirety for the reasons stated therein. Plaintiff's motion for default judgment is granted. As set forth in the R. & R., Plaintiff is awarded:

- $7,467.20 in unpaid minimum wages;
- $150,008.25 in unpaid overtime wages;
- $157,475.45 in liquidated damages;
- $10,000.00 in damages for violations of New York's Wage Theft Prevention Act;
- Pre-judgment interest in the amount of $38.83 per day between August 6, 2018, and the day judgment is entered;
- Post-judgment interest in an amount to be calculated by the Clerk of Court pursuant to 28 U.S.C. § 1961(a);
- $8,931.00 in attorneys' fees; and
- $1,002.00 in costs.

(*See* R. & R., Dkt. 42 at 24–25.) Should Defendant Gonzalez (or either of the other Defendants) continue to appear in this action, they may wish to move for this default judgment to be set aside as set forth in Federal Rule of Civil Procedure 55(c). As Judge Bulsara previously explained,

should Milagro seek to appear in this action, it must do so through counsel. (*See* 4/25/2023 Min. Entry & Order.)

Finally, the Court notes that Defendants' counterclaims remain pending in this action. (*See* Am. Answer, Dkt. 18 at 12–19.) No action has been taken on these counterclaims since Defendants' counsel withdrew in March 2023. Defendants shall notify the Court by October 10, 2024, whether they wish to proceed with their counterclaims. If Defendants fail to comply with this deadline, their counterclaims will be dismissed for failure to prosecute without further notice.

## CONCLUSION

For the reasons explained above, this Court adopts the R. & R. in its entirety. Default judgment is granted as to Plaintiff's claims and the Court awards Plaintiff damages and attorneys' fees and costs as set forth herein. Defendants are directed to inform the Court by October 10, 2024, whether they wish to proceed with their counterclaims or those claims will be dismissed for failure to prosecute.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 26, 2024
Brooklyn, New York