UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
FRANCISCO ALEJANDRO MELO,

      Plaintiff,

   - against -

MILAGRO GROCERY CORP., *et al*,

      Defendants.
--------------------------------------------------------x

**MEMORANDUM & ORDER**
21-CV-4438 (PKC) (PK)

PAMELA K. CHEN, United States District Judge:

On August 6, 2021, Plaintiff Francisco Alejandro Melo ("Melo") brought the instant action against Defendants Milagro Grocery Corp. d/b/a Milagro Grocery ("Milagro"), Marcial Gonzalez ("Gonzalez"), and Daniel Richardson ("Richardson"), (collectively, "Defendants") alleging violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL"). (Compl., Dkt. 1.)  On August 19, 2024, the Honorable Sanket J. Bulsara, then the Magistrate Judge assigned to this case, issued a Report and Recommendation ("R&R") recommending that the Court grant default judgment against Defendants and award Plaintiff a total of $334,883.90 plus pre- and post-judgment interest.  (R&R, Dkt. 42, at 24–25.)  On September 26, 2024, the Court adopted Judge Bulsara's R&R and granted default judgment against Defendants ("Default Judgment"). *Melo v. Milagro Grocery Corp.*, 750 F. Supp. 3d 38, 51 (E.D.N.Y. 2024).  On February 5, 2025, Gonzalez filed the instant motion to vacate the Default Judgment ("Vacatur Motion"), and reassert his counterclaims. (*See* Mot. to Vacate, Dkt. 51-1.)  For the reasons stated below, the Court denies Gonzalez's Vacatur Motion.  Therefore, the Default Judgment remains intact, and this case remains closed.  However, the Court allows Gonzalez's counterclaims to proceed, though it warns Gonzalez that any failure to prosecute these counterclaims will result in their dismissal.

## BACKGROUND

### I.    Factual Background

The Court briefly summarizes the factual allegations from the Complaint, which are more fully set forth in Judge Bulsara's R&R, (R&R, Dkt. 42, at 1–4), and the Court's adoption of the R&R in its Default Judgment, *Melo*, 750 F. Supp. 3d at 47–48.[1]  Gonzalez and Richardson are owners of Milagro, a grocery store in Brooklyn, New York.  (Compl., Dkt. 1, ¶¶ 6–7, 17.)  Between approximately July 2012 and June 2021, Plaintiff was an employee of Milagro, where he worked six days a week, typically for 60–70 hours, and was paid in cash.  (*Id.* ¶¶ 18, 23–26.)  In his Complaint, Melo alleged that Defendants failed to pay him minimum and overtime wages.  (*See, e.g.*, *id.* ¶¶ 30–33.)

### II.    Procedural History

The Court also briefly reiterates the procedural history, which is more fully detailed in the Default Judgment.  *Melo*, 750 F. Supp. 3d at 47–48.

#### A.    The Underlying Action

Plaintiff filed his Complaint on August 6, 2021, and served Milagro through the Secretary of State on August 31, 2021.  (Returned Summons, Dkt. 10.)  On October 7, 2021, attorneys Qinyu Fan and Jian Hang of Hang & Associates, PLLC ("Hang law firm") appeared on behalf of all Defendants.[2]  (Not. of Appearance by Qinyu Fan, Dkt. 12; Not. of Appearance by Jian Hang,

---

[1] The Court notes that, for the purposes of Plaintiff's default motion, the Court "accept[ed] as true all well-pleaded allegations in the [C]omplaint, except those pertaining to the amount of damages." *Melo*, 750 F. Supp. 3d at 47 n.1 (quoting *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (first citing Fed. R. Civ. P. 8(b)(6); then citing *Finkel v. Romanowicz*, 577 F.3d 79, 83 n.6 (2d Cir. 2009))).

[2] Eventually, a third attorney from the Hang law firm, Oscar Alvarado, filed an appearance on behalf of Defendants, (Not. of Appearance by Oscar Alvarado, Dkt. 19); Alvarado was later

Dkt. 13.)  Nearly one month after Defendants' answer was due, Defendants filed for an extension of time to file their Answer, which Judge Bulsara denied without prejudice.  (*See* 10/18/2021 Dkt. Order (denying extension request "[b]ecause Defendants are seeking to extend the time to answer after the time to do so has passed" and ordering Defendants to explain why a belated answer was permissible)).  Defendants moved for an extension of time again, which Judge Bulsara granted because Defendants successfully made a showing that "the[ir] failure to timely respond was due to the fact that [they] were not personally served," and that they were "prepared to promptly file an answer and proceed with litigation." (10/26/2021 Dkt. Order.)  Judge Bulsara gave Defendants until November 7, 2021, to file their Answer, (*id.*), which they did on November 5, 2021, additionally asserting counterclaims against Plaintiff.  (Answer, Dkt. 17; *see also* Am. Answer, Dkt. 18.)   The parties then engaged in mediation, (*see* 2/3/2022 Order Referring Case to Mediation), discovery, (*see* 8/23/2022 Dkt. Order (setting discovery deadlines)), and trial preparation, (1/24/2023 Min. Entry & Order (setting filing deadline for joint pre-trial order)).

On March 29, 2023, Defendants' attorneys moved to withdraw as counsel based on non-payment of legal fees.  (Mot. to Withdraw, Dkt. 30; Yongjin Bae Aff., Dkt. 30-1, ¶¶ 8–10.)  Judge Bulsara granted the motion to withdraw as to the individual Defendants, Gonzalez and Richardson, and ordered them to inform the Court in writing by June 8, 2023, whether they intended to continue defending this action, and if so, whether they would do so with counsel or *pro se*.  (4/25/2023 Min. Entry & Order.)  Judge Bulsara advised corporate Defendant, Milagro, that, as a corporation, it was "not [legally] permitted to proceed without counsel in federal court," (*id.* (citing *Grace v. Bank Leumi Tr. Co. of N.Y.*, 443 F.3d 180, 192 (2d Cir. 2006))), and that if Milagro did not obtain

---

replaced by another Hang law firm attorney, Yongjin Bae.  (*See* Mot. to Withdraw, Dkt. 24; Not. of Appearance by Yongjin Bae, Dkt. 23.)

3

counsel by June 8, 2023 it would be "expose[d] . . . to a default," (*id.*). None of the Defendants responded by the June 8, 2023, deadline, and Judge Bulsara granted the outstanding motion to withdraw with respect to Milagro. (6/16/2023 Dkt. Order.)

**B. The Default**

On June 21, 2023, Plaintiff requested a certificate of default against Defendants, (Dkt. 35), which issued on June 26, 2023, (Dkt. 37). On October 16, 2023, Plaintiff moved for default judgment. (Dkts. 38, 39.) On December 1, 2023, Gonzalez filed a letter motion seeking to have counsel appointed for him. (Dkt. 41.) On December 6, 2023, Judge Bulsara denied that motion, and none of the Defendants filed any further response to the motion for default judgment. (12/6/2023 Dkt. Order.) On August 20, 2024, Judge Bulsara issued his R&R, in which he recommended that default judgment be entered against Defendants and that Plaintiff be awarded damages, attorneys' fees and costs, and interest. (R&R, Dkt. 42, at 24–25.) Plaintiff served the R&R on Defendants. (Certificate of Service, Dkt. 43.) On September 3, 2024, Gonzalez, acting *pro se*, filed a letter on the docket objecting to the R&R and requesting a stay of the case so that he could obtain legal representation.[3] (Dkt. 45.) The Court construed Gonzalez's letter as his objection and ordered Plaintiff to respond. (9/4/2024 Dkt. Order.) Plaintiff did so on September 18, 2024. (Dkt. 46.) On September 26, 2024, the Court adopted the R&R in its entirety and granted default judgment as to Plaintiff's FLSA and NYLL claims. *Melo*, 750 F. Supp. 3d 38.

**C. The Instant Motion**

The Court also ordered Defendants to "inform the Court by October 10, 2024, whether they wish to proceed with their counterclaims or those claims will be dismissed for failure to prosecute."

---

[3] Gonzalez's objections, in sum and substance, were the following: 1) Plaintiff's wage calculations were incorrect; 2) Milagro was too small a business to survive the Default Judgment award; 3) and Defendants' previous attorneys did "a poor job." (Dkt. 45.)

(9/26/2024 Dkt. Order.)  On October 9, 2024, Gonzalez requested an extension of time to file a motion to vacate the Default Judgment and pursue his counterclaims, (Dkt. 48), which the Court granted until November 25, 2024, (10/11/2024 Dkt. Order).  On December 4, 2024, after Gonzalez failed to file anything, the Court *sua sponte* extended his time to file until December 18, 2024. (12/4/2024 Dkt. Order.)  On December 11, 2024, Gonzalez requested yet another extension, (Dkt. 50), which the Court granted until February 4, 2025, notifying Gonzalez that this would be his last extension, (12/13/2024 Dkt. Order).

On February 5, 2025, Gonzalez filed his Vacatur Motion.[4]  (Mot. to Vacate, Dkt. 51-1).  In his Vacatur Motion, Gonzalez contests the judgment as "an unfair situation of an employee bringing an action without valid cause since he was stealing from the business on a daily basis." (*Id.* at ECF[5] 2.)  Gonzalez also maintains that Melo "brought this action as a cover up of the fraud" he committed against Defendants.  (Aff. In Supp. Mot. to Vacate., Dkt. 54, ¶ 11.)  The Vacatur Motion was fully briefed on April 11, 2025.  (*See* Opp'n to Mot. to Vacate, Dkt. 52; Aff. in Supp. of Mot. to Vacate, Dkt. 54.)  Between April 2025 and July 2025, the parties engaged in settlement discussions, which proved futile.  (*See* 4/10/2025 Scheduling Order; Status Report, Dkt. 57.)

---

[4] While filed, and treated by the Court, as a "motion," Gonzalez's filing consists of a notice of motion, (Dkt. 51), and a sworn affidavit by Gonzalez, (Dkt. 51-1).  Under Local Civil Rule 7.1, Gonzalez was required to submit a notice of motion, supporting affidavits, *and* a memorandum of law in support.  Loc. Civ. R. 7.1(a).  Although failure to comply with Local Rule 7.1 is sufficient grounds to deny a motion, *see Anora v. Oasis Pro. Mgmt. Grp., Ltd.*, No. 19-CV-11732 (LJL), 2023 WL 2307180, at *2 (S.D.N.Y. Mar. 1, 2023), the Court construes the sworn affidavit as the Vacatur Motion itself, *see, e.g.*, *Schmit v. Cox*, No. 24-CV-4664 (RER) (LB), 2024 WL 3835139, at *3 (E.D.N.Y. Aug. 15, 2024) ("Pleadings submitted by *pro se* parties are to be construed liberally." (first citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); then citing *Sealed Pl. v. Sealed Def.*, 537 F.3d 185, 191–93 (2d Cir. 2008); and then citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)), *appeal dismissed* (Oct. 22, 2024).

[5] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

5

None of Gonzalez's filings indicate under which Federal Rule of Civil Procedure ("Rule") Gonzalez seeks vacatur.  However, because Gonzalez's only argument is that Plaintiff obtained the default judgment through fraud, the Court liberally construes his motion as implicating Rules 60(b)(1), (3) and (6)[6] and declines to consider his motion pursuant to Rule 60's other provisions.  *See Schmit*, 2024 WL 3835139, at *3 ("Pleadings submitted by pro se parties are to be construed liberally."); *but see Davis v. Kelly*, 160 F.3d 917, 922 (2d Cir. 1998) ("[A] court need not act as an advocate for *pro se* litigants . . . ."); *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an [individual] proceeding *pro se*." (second alteration in original)).

## LEGAL STANDARD

"Rule 60(b) allows a party to seek relief from final judgment and reopen a case based on mistake or excusable neglect, newly discovered evidence, fraud, or the void or prospectively inequitable status of a judgment."  *Freeman v. HSBC Holdings PLC*, 350 F.R.D. 210, 219 (E.D.N.Y. 2025) (quoting *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025) (citing Fed. R. Civ. P. 60(b)(1)–(5))).  "Rule 60(b) also includes a 'catchall' provision—Rule 60(b)(6)—that allows a district court to reopen a case for 'any other reason that justifies relief.'"  *Id.* (quoting *BLOM*, 605 U.S. at 211).  A "motion to vacate a default judgment is addressed to the sound discretion of the district court."  *Guthrie v. Rainbow Fencing Inc.*, 349 F.R.D. 55, 62 (E.D.N.Y. 2025) (quoting *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)).  On a motion to vacate, "the defaulting party bears the burden of proof."  *NuBridge Com. Lending REO SPV I Inc.*

---

[6] Defendants facing an *entry of default*, rather than the more-final default judgment Gonzalez faces here, are entitled to move to set aside an entry of default pursuant to Rule 55(c), based on a showing of "good cause."  Fed. R. Civ. P. 55(c); *see United States v. Veeraswamy*, 765 F. Supp. 3d 168, 187–88 (E.D.N.Y. 2025) (articulating factors for good cause shown).  Because Plaintiff here has obtained a default judgment, Gonzalez must meet Rule 60's heightened standard.

*v. KA & B Props., Inc.*, No. 22-CV-1468 (LDH) (SIL), 2023 WL 11261908, at *4 (E.D.N.Y.

Oct. 18, 2023) (quoting *Knox on behalf of D.K. v. Poughkeepsie City Sch. Dist.*, No. 17-CV-8190,

2022 WL 305275, at *2 (S.D.N.Y. Feb. 2, 2022)), *R&R adopted sub nom. NuBridge Com. Lender*

*REO SPV I Inc. v. KA & B Props., Inc.*, 2024 WL 1364321 (E.D.N.Y. Mar. 31, 2024).

**DISCUSSION**

**I.        Vacatur of Default Judgment**

Preliminarily, Gonzalez's Vacatur Motion, which was filed within a year of the Default

Judgment, is timely under any of Rule 60(b)'s provisions.  *See BLOM*, 605 U.S. at 210 ("A party

seeking relief based on the grounds covered by [Rule 60(b)] (1) through (3)—i.e., mistake or

excusable neglect, new evidence, or fraud—faces a 1-year limitations period," which "does not

apply to motions for relief filed under Rule 60(b)'s other paragraphs, including Rule 60(b)(6).")

(citing Fed. R. Civ. P. 60(c)(1)).  But the Court still finds, for the following reasons, that Gonzales

has failed to show entitlement to vacatur under Rules 60(b)(1), (3) and (6).

**A.        Rule 60(b)(1)**

Rule 60(b)(1) provides for relief from a final judgment where the judgment was the result

of "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1).  A court's

determination of a motion to vacate a default judgment, in particular, under Rule 60(b)(1) "is

guided by three principal factors: '(1) whether the default was willful, (2) whether the defendant

demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating

the default will cause the nondefaulting party prejudice.'"  *In re Orion HealthCorp, Inc.*, 95

F.4th 98, 104 (2d Cir. 2024) (quoting *McNulty*, 137 F.3d at 738); *see Lu v. Nisen Sushi of*

*Commack, LLC*, No. 18-CV-7177 (RJD) (ST), 2022 WL 16754744, at *6 (E.D.N.Y. Aug. 29,

2022) (applying the same three factors), *R&R adopted*, 2022 WL 4597436 (E.D.N.Y. Sep. 30,

2022); *Lopez v. Mohammed*, No. 14-CV-4443 (PKC) (MDG), 2017 WL 4277154, at *8 (E.D.N.Y.

Sep. 26, 2017) (finding application of the "three *McNulty* Factors" proper). "Of these factors, willfulness carries the most weight." *In re Orion HealthCorp, Inc.*, 95 F.4th at 104 (citing *Action S.A. v. Marc Rich & Co., Inc.*, 951 F.2d 504, 507 (2d Cir. 1991)); *see Henry v. Oluwole*, 108 F.4th 45, 52 (2d Cir. 2024) (noting willfulness is "most significant factor"). "Moreover, a district court has discretion to deny a motion to vacate 'if it is persuaded that the default was willful and is unpersuaded that the defaulting party has a meritorious defense.'" *In re Orion HealthCorp, Inc.*, 95 F.4th at 104 (quoting *McNulty*, 137 F.3d at 738).

### 1.    Willfulness

"A default is willful when the conduct is 'more than merely negligent or careless,' but is instead 'egregious and not satisfactorily explained.'" *Lopez*, 2017 WL 4277154, at \*9 (quoting *Jaramillo v. Vega*, 675 Fed. App'x. 76, 76–77 (2d Cir. 2017)); *see Guthrie*, 349 F.R.D. at 68 ("Willfulness in the default judgment context looks to 'egregious or deliberate conduct,' and even 'grossly negligent' actions do not necessarily qualify." (quoting *United States v. Starling*, 76 F.4th 92, 102 (2d Cir. 2023))). "In general, a defendant's failure to answer the complaint and respond to a motion for default judgment demonstrates willfulness." *Lopez*, 2017 WL 4277154, at \*9 (citations omitted).

Here, Gonzalez's conduct, taken as a whole, warrants a finding that his default was willful. The Court has already found Defendants, including Gonzalez, to have willfully defaulted. (R&R, Dkt. 42, at 5–6 (discussing how "Defendants' failure to defend against Melo's claims demonstrates their default was willful")); *see Melo*, 750 F. Supp. 3d at 50 (finding that Gonzalez's "predicament of not being able to afford counsel for his defense . . . does not excuse Defendants' failure to defend this action").) Gonzalez did defend this action for a time through counsel, and once his counsel withdrew, Gonzalez could have continued to defend himself in this action *pro se*, as he does now. Instead, Gonzalez disregarded Court deadlines and failed to appear, except once, over

the course of 18 months. *See Victoriano Gonzalez v. Victoria G's Pizzeria LLC*, No. 19-CV-6996 (DLI) (RER), 2021 WL 6065744, at *3 (E.D.N.Y. Dec. 22, 2021) (finding defendants' "unexplained and repeated" failure to comply with court orders to obtain counsel or complete discovery willful), *R&R adopted*, 2022 WL 842666, at *4 (Mar. 22, 2022); *Castillo v. Zishan, Inc.*, No. 16-CV-6166 (JGK), 2017 WL 3242322, at *2 (S.D.N.Y. July 28, 2017) (finding defendants' failure to appear *pro se* or obtain new counsel and failure to respond to motion for default judgment willful)). And, Gonzalez now offers no new argument regarding his willfulness. *See Davis*, 160 F.3d at 922 (declining to manufacture arguments on behalf of *pro se* litigants). The Court thus finds Gonzalez's default to have been willful.

### 2.  Meritorious Defense

The "existence of a meritorious defense is a key factor in the Rule 60(b) analysis." *Lopez*, 2017 WL 4277154, at *10 (quoting *N.Y. v. Green*, 420 F.3d 99, 109 (2d Cir. 2005)). While "the defendant need not establish his defense conclusively, . . . he must present evidence of facts that, if proven at trial, would constitute a complete defense." *Green*, 420 F.3d at 109 (quoting *McNulty*, 137 F.3d at 740); *see Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 173 (2d Cir. 2001) ("The test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993))).

Gonzalez has not made the requisite showing. Defendants previously asserted "affirmative defenses, including statute of limitations and that Plaintiff was paid all wages owed." (R&R, Dkt. 42, at 6). In seeking vacatur, Gonzalez now reiterates that Plaintiff is not "owed any overtime or underpayment." (Aff. In supp. Mot. to Vacate, ¶ 10). Although Judge Bulsara noted these were "meritorious defense[s]," he found that they nevertheless did not preclude default, (R&R, Dkt. 42,

9

at 6), and the Court agreed, *Melo*, 750 F. Supp. 3d at 50. The Court sees no reason to disturb this finding, either.

However, the Court has not previously considered the faithless servant[7] counterclaim that Defendants initially raised, and which Gonzalez now alludes to. (Am. Answer, Dkt. 18, at 18; Aff. in Supp. of Mot. to Vacate, Dkt. 54, ¶ 7 (representing that Plaintiff had not been fired, but rather "approached due to a large sum consumed by him with the [New York State ("NYS")] Lottery," while at work).) "[C]ourts in this Circuit have found that the faithless servant doctrine 'does give rise to a partial defense on a theory of recoupment or setoff' where it is being raised as a compulsory counterclaim to a FLSA action . . . ." *Calderon v. Mullarkey Realty, LLC*, No. 14-CV-2616 (PKC) (RLM), 2018 WL 2871834, at *7 (E.D.N.Y. June 10, 2018) (quoting *Henry*, 2014 WL 297303, at *6). This partial defense approach recognizes that "while a plaintiff in a FLSA or NYLL case should not be compensated for his faithlessness, neither should the defendant-employer be immune from liability for its potentially willful violations of federal and state law." *Id.* at *9. "[C]ourts apply the [faithless servant] rule relatively narrowly." *Id.* (quoting *Linder v. Innovative Com. Sys. LLC*, 981 N.Y.S.2d 636, 636 (N.Y. Sup. Ct. 2013), *aff'd*, 8 N.Y.S.3d 191 (1st Dep't 2015)). Thus, Plaintiff here might be forced to "forfeit[] the right to compensation . . . that [is] tainted by [any] dishonesty" that Gonzalez can prove through his counterclaim, *see Calderon*, 2018 WL 2871834, at *7 (quoting *Henry*, 2014 WL 297303, at *6), but this potential offset does not present a complete defense to Plaintiff's claims, *see id.* at *10

---

[7] "Under New York law, an agent is obligated 'to be loyal to his employer and is prohibited from acting in any manner inconsistent with his agency or trust and is at all times bound to exercise the utmost good faith and loyalty in the performance of his duties.'" *Phansalkar v. Andersen Weinroth & Co., L.P.*, 344 F.3d 184, 200 (2d Cir. 2003) (quoting *Western Elec. Co. v. Brenner*, 41 N.Y.2d 291, 295, (1977) (internal quotations and citations omitted)). "A faithless employee forfeits the right to compensation during the period of disloyalty." *Henry v. Concord Limousine, Inc.*, No. 13-CV-0494 (JS) (WDW), 2014 WL 297303, at *4 (E.D.N.Y. Jan. 24, 2014).

(separating plaintiff's potential faithless servant recovery from plaintiff's potential recovery for any other "illegal behavior" by defendants); *cf Roytlender v. D. Malek Realty, LLC*, No. 21-CV-0052 (JMW), 2024 WL 3566998, at *13 (E.D.N.Y. July 29, 2024) (comparing period of fraudulent and disloyal acts to period of FLSA claims in assessing impact of former on latter). The Court exercises its discretion, *see In re Orion HealthCorp, Inc.*, 95 F.4th at 104 (quoting *McNulty*, 137 F.3d at 738), to find that this potential partial defense does not overcome Gonzalez's willfulness and does not justify vacating the default judgment in its entirety.[8]

### 3.    Prejudice to Plaintiff

A court assessing whether a plaintiff would be prejudiced by vacatur of default judgment "must take into account more than mere delay or passage of time." *Lu*, 2022 WL 16754744, at *7 (quoting *Lopez*, 2017 WL 4277154, at *11); *see also Guthrie*, 349 F.R.D. at 71 ("[D]elay standing alone does not establish prejudice." (quoting *Veeraswamy*, 765 F. Supp. 3d at 190)). "To establish prejudice under the third factor, it must be shown that 'delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *Guthrie*, 349 F.R.D. at 71 (quoting *Veeraswamy*, 765 F. Supp. 3d at 190).

Plaintiff, unsurprisingly, claims significant potential prejudice from vacatur. First, Plaintiff argues that vacatur would "almost certainly make recovery thereof more difficult, in that it would allow Defendants more time to dissipate, hide or protect their assets from enforcement and collection of the default judgment, thereby harming Plaintiff." (Opp'n to Mot. to Vacate, Dkt. 52, at 7.) Indeed, Plaintiff initiated this action over *four* years ago. (Compl., Dkt. 1.) Second, Plaintiff argues that "[a]ny necessary discovery upon vacatur of the default would also likely be more

---

[8] Rather, as discussed *infra*, Gonzalez will only be able to seek an offset against the Default Judgment if he succeeds on his counterclaim against Plaintiff and after the amount of any offset is determined.

difficult" given that "Plaintiff's employment with Defendants ended nearly four years ago." (Opp'n to Mot. to Vacate, Dkt. 52, at 7.)  Under these circumstances, the Court agrees that further delays are likely to result in the loss of evidence.[9]  *See Lopez*, 2017 WL 4277154, at \*11 (delay of "less than a year" outweighed by evidentiary concerns).

Furthermore, Gonzalez's recent filings suggest there may be cause for concern regarding Defendants' financial stability, and thus Plaintiff's potential recovery.  In describing Plaintiff's alleged fraud and thievery, Gonzalez has painted a grim picture of Milagro's own finances.  (Aff. in Supp. of Mot. to Vacate, Dkt. 54, ¶ 9 (noting that "due to [Plaintiff's] gambling issue and the debt with NYS Lottery, [Milagro] was nearly bankrupt and lost their NYS Lottery License, and today has lost several licenses and has lost a lot of business due to not being able to cover all the debts outstanding").)  While Gonzalez's representations do not indicate that Milagro is actually bankrupt, *compare id.*, *with Lopez*, 2017 WL 4277154, at \*11 (expressing concern that corporate defendant's ongoing liquidation would "thwart[]" any recovery if default judgment was vacated), they raise a genuine concern that Defendants will ultimately be judgment-proof by the time a judgment is issued if the Court vacates the Default Judgment and this litigation begins anew, *see Lopez v. Traffic Bar & Rest. Inc.*, No. 12-CV-8111 (JCF), 2015 WL 545190, at \*5 (S.D.N.Y. Feb. 9, 2015) (finding prejudice against plaintiffs where defendant "has now closed and is therefore no longer profitable" and reached a "settlement in principle" in another pending lawsuit).

\*     \*     \*

Accordingly, the Court finds that vacatur is not warranted under Rule 60(b)(1).

---

[9] To the extent that Gonzalez pursues his counterclaims, it appears that the evidence he needs to prove those claims are entirely within his control, and so the same evidentiary concerns do not apply. (*See* Aff. in Supp. of Mot. to Vacate, Dkt. 54, ¶ 7 (claiming that Milagro had videos of Plaintiff engaging in the alleged theft and gambling).)

**B.    Rule 60(b)(3)**

"Under Rule 60(b)(3), courts may vacate a final judgment where an adverse party used fraud, misrepresentation, or misconduct in obtaining the judgment." *Lopez*, 2017 WL 4277154, at *8 (citing Fed. R. Civ. P. 60(b)(3)). "'[A] Rule 60(b)(3) motion cannot be granted absent clear and convincing evidence of material misrepresentation,' and to prevail 'a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting his case.'" *Id.* (alteration in original) (quoting *Entral Grp. Int'l, LLC v. 7 Day Cafe & Bar*, 298 Fed. App'x. 43, 44 (2d Cir. 2008)).

Here, Gonzales "ha[s] not provided ANY evidence that [P]laintiff[ ] engaged in fraud, misrepresentation or misconduct in the *procurement* of the [De]fault [J]udgment." *See id.* (emphasis added) (second alteration and third alteration in original) (quoting *Ptak Bros. Jewelry, Inc. v. Ptak & Ptak, LLC*, No. 06-CV-13732, 2011 WL 253424, at *4 (S.D.N.Y. Jan. 25, 2011)). Gonzalez's motion is primarily based on allegations that, while employed by Defendants, Plaintiff racked up an enormous debt playing lottery while on shift at Milagro, a debt he left unpaid and which "nearly bankrupt[ed]" Milagro, as well as regularly stealing beers and snacks throughout his shifts. (*See* Aff. in Supp. of Mot. to Vacate, Dkt. 54, ¶¶ 7–9.) Although these allegations form the crux of Defendants' original counterclaims against Plaintiff, (*see* Am. Answer, Dkt. 18, at 12–18), and are discussed more below, (*see* Section II *infra*), the Court briefly explains why these allegations are insufficient to demonstrate entitlement to vacatur under Rule 60(b)(3).

First, Gonzalez has failed to provide "clear and convincing evidence" to support his allegations of Plaintiff's misconduct. Gonzalez attaches as an exhibit to his Affidavit a list of lottery charges that he appears to allege were incurred by Plaintiff. (Aff. in Supp. of Mot. to Vacate, Dkt. 54, at ECF 7–8.) However, this list provides no information regarding who incurred the charges, and is thus insufficient to meet Gonzalez's "heavy" burden of showing fraud for

13

purposes of Rule 60(b)(3). *Lopez*, 2017 WL 4277154, at *8 (dismissing Rule 60(b)(3) fraud claims where defendants provided "nothing more than [an] affidavit" stating plaintiff was paid in full).

Second, even if Gonzalez's proffered exhibit met his evidentiary burden, he fails to explain how Plaintiff's alleged gambling-related theft "prevented [Gonzalez] from fully and fairly presenting his case." *See Lu*, 2022 WL 16754744, at *8 (quoting *Lopez*, 2017 WL 4277154, at *8). While Gonzalez suggests that the alleged gambling-related theft renders Plaintiff's FLSA and NYLL claims fraudulent, (*see* Aff. in Supp. of Mot. to Vacate, Dkt. 54, ¶ 12 (requesting vacatur to "clear this false issue that [Plaintiff] has fabricated in an attempt to once again cheat, deceive[,] and commit fraud and misappropriate funds")), such conduct, even if proved, would have had no effect on Plaintiff's procurement of the Default Judgment, including Defendants' ability to "fully and fairly present[] their case," which included defending against the issuance of the Default Judgment. *See Lu*, 2022 WL 16754744, at *8 (recommending denial of vacatur motion under Rule 60(b)(3) where defendants challenged plaintiff's alleged dates worked as fraudulent but "alleged nothing concerning if and how [p]laintiff engaged in any conduct to prevent [d]efendants from fully and fairly presenting their case"). Rather, Gonzalez's allegations go to the underlying dispute between the parties and whether Plaintiff is entitled to recover anything under the FLSA or NYLL, and, if so, how much. A Rule 60(b)(3) motion, however, cannot be used to "relitigate the merits of a case." *Azkour v. Little Rest Twelve*, No. 10-CV-4132 (RJS), 2017 WL 1609125, at *6 (S.D.N.Y. Apr. 28, 2017) (quoting *Fleming v. N.Y. Univ.*, 865 F.2d 478, 484 (2d Cir. 1989)). Gonzalez's Vacatur Motion thus also fails under Rule 60(b)(3).

## C.    Rule 60(b)(6) – The Catchall Provision

Finally, the Court considers the Vacatur Motion under Rule 60(b)(6), which is considered a "catchall provision" available "only when Rules 60(b)(1) through (b)(5) are inapplicable."

*BLOM*, 605 U.S. at 211 (quoting *Kemp v. United States*, 596 U.S. 528, 533 (2022)).  Because "a Rule 60(b) motion 'threaten[s] an already final judgment with successive litigation' years after it is entered," relief under Rule 60(b)(6) "requires extraordinary circumstances" that are strictly interpreted.  *Freeman*, 350 F.R.D. at 219 (alterations in original) (quoting *BLOM*, 605 U.S. at 215–16).

Gonzalez's Vacatur Motion falls far short of this exacting standard.  When comparing "extraordinary circumstances" with those that do not pass muster, courts highlight "the difference between no choice and choice; imprisonment and freedom of action; no trial and trial; no counsel and counsel; no chance for negligence and inexcusable negligence."  *BLOM*, 605 U.S. at 212 (quoting *Ackermann v. United States*, 340 U.S. 193, 202 (1950)).  While Gonzalez has struggled to retain counsel during this case, that is not an extraordinary circumstance.  Civil litigants are not guaranteed representation.  *See Rabin v. U.S. Dep't of Health & Hum. Servs.*, No. 23-CV-0402 (JMA) (SIL), 2023 WL 5321969, at *1 (E.D.N.Y. Mar. 10, 2023) ("Unlike criminal defendants, civil litigants do not have a constitutional right to counsel.").  Even after losing his counsel, Gonzalez had choice and freedom of action.  He could have proceeded *pro se*; instead, he chose to ignore Court orders—and seemingly this case altogether—until he was confronted with unavoidable consequences of that choice.  The Court declines to give Gonzalez "another proverbial bite at the apple," *see Freeman*, 350 F.R.D. at 226, by vacating the Default Judgment.  Accordingly, Gonzalez's Vacatur Motion fails under Rule 60(b)(6).

## II.    Gonzalez's Counterclaims Shall Proceed

Still pending are Gonzalez's counterclaims, which he apparently seeks to continue prosecuting.  (*See* Vacatur Mot., Dkt. 51-1, ¶ 2 (reiterating theft allegations against Plaintiff).)  As the Default Judgment did not encompass these counterclaims, the Court allows these to proceed.  However, Gonzalez is again warned that failure to prosecute these claims in a timely and

15

responsible manner, including missing Court-imposed deadlines, will result in swift dismissal of these counterclaims. *See Melo*, 750 F. Supp. 3d at 51 (warning Defendants that failure to comply with Court-imposed deadlines regarding counterclaim prosecution will warrant dismissal for failure to prosecute); *see also Xiamen ITG Grp. Corp. v. Peace Bird Trading Corp.*, No. 19-CV-6524 (DLI) (ST), 2024 WL 5399245, at *18 (E.D.N.Y. Aug. 30, 2024) (dismissing defendants' counterclaims pursuant to the five factors[10] courts consider in deciding whether to dismiss a case for failure to prosecute under Rule 41(b)).

## CONCLUSION

Accordingly, Gonzalez's Vacatur Motion is denied, and the Default Judgment remains undisturbed. However, Gonzalez's counterclaims, as stated in the Amended Answer, (Dkt. 18), shall proceed. Plaintiff has already filed his answer to these counterclaims, (Dkt. 49), and so the matter is respectfully referred to the Honorable Peggy Kuo, Magistrate Judge, for all pretrial matters, including management of discovery, which shall be limited to Gonzalez's counterclaims.

SO ORDERED.

*/s/ Pamela K. Chen*

Pamela K. Chen
United States District Judge

Dated: February 10, 2026
   Brooklyn, New York

---

[10] The five factors are: "(1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).